635 A.2d 6

Jacqueline BURCH

v.

STATE of Maryland.

No. 437, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Jan. 3, 1994.

Martha Weisheit, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Tarra DeShields–Minnis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor,

State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before WILNER, C.J. and GARRITY and MURPHY, JJ.

WILNER, Chief Judge.

Appellant was convicted in the Circuit Court for Baltimore County of possession of cocaine with intent to distribute, for which she was sentenced to three years in prison. Her sole complaint in this appeal is that the court erred in denying her motion to suppress certain evidence taken from an unlocked safe found in her apartment. We shall affirm.

On December 7, 1992, police officers Sewell and Burton presented an application for a search warrant to Judge James T. Smith. Based on information supplied by two informants and on a controlled buy, they averred that there was probable cause to believe that there were items subject to seizure in Apartment F at 1644 Old Eastern Avenue. Among the items they claimed were located in the apartment and were subject to seizure were cocaine, documents relating to the distribution of illicit drugs, United States currency, documents reflecting names, addresses, and telephone numbers of suppliers and customers, financial records and documents evidencing the concealment and expenditure of money, photographs of co-conspirators, assets, and controlled substances, paraphernalia, firearms, and indications of occupancy.

Initially, the *application* had a peculiar provision stating: "Further, to search all locked and unlocked containers, all locked and unlocked suitcases and any other container capable of concealing any type of Controlled Dangerous Substance, which are in violation of, or evidence of the violation of, the Laws of Maryland pertaining to Controlled Dangerous Substances...."

That same language also appeared in the warrant submitted to Judge Smith. Before signing the warrant, Judge Smith struck that language from both the application and the war-

rant. The warrant did, however, authorize the search of the apartment for all of the property specified in the application and, if such property was found, the seizure of it.

Officer Cordwell participated in the execution of the warrant. As he entered the apartment, he saw appellant in a bedroom at the end of a hall appearing to hide something under some clothes. Cordwell proceeded directly to the bedroom, secured appellant, and observed a towel with a white substance on it. After removing appellant, Cordwell returned to the bedroom, saw an unlocked safe, opened it, and found 71 bags of a rock-like substance that later proved to be cocaine.

Appellant's motion to suppress the cocaine was based on the deletion by Judge Smith of the language authorizing the search of locked and unlocked containers. With that deletion, she claims, the police had no authority to open the safe. In support of that contention, she relies on *Aguilar v. State,* 88 Md.App. 276, 594 A.2d 1167 (1991). There, the police were authorized to search the apartment of one Jamie McKinley. They had originally sought additional authority to search anyone who arrived at the apartment during the execution of the warrant, but the issuing judge deleted that provision. The search commenced at 7:30 p.m. Around 9:00 p.m., Aguilar showed up, and the police searched him as well. Noting the deletion of the specific authority to search persons visiting the apartment, we rejected the State's argument that the search of Aguilar was authorized by the warrant.

This is a far different case. Absent the stricken language in *Aguilar,* there was no authority to search strangers appearing at the apartment. That is not so here. We do not know why Judge Smith struck the language in question; it may have been because he believed that language to be superfluous. The warrant here authorized the police to search for all manner of documents, papers, cocaine, and firearms throughout the apartment, which would, as a necessary incident, include the authority to open closets, chests, drawers, and other containers in which such items might be found. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572

(1982). If it were otherwise, as the judge below indicated, the warrant would be "toothless," for it would preclude searching for anything that was not already in plain view. We find no error in the denial of the motion to suppress. We do suggest, however, that either the police omit the language at issue from their proposed warrants or, if it is included and stricken by the judge, the judge indicate by some marginal note why it is being stricken.

JUDGMENT AFFIRMED.

APPELLANT TO PAY THE COSTS.